

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                REPORT AND
                RECOMMENDATION

        Plaintiff,

                15-CR-6101L

    v.

JAMES EDWARD SANDFORD,

        Defendant.
_____

On March 10, 2016, defendant James Edward Sandford ("Sandford"), proceeding *pro se*, filed a motion seeking to dismiss Count 6 of the original indictment.[1] (Docket # 104). Sandford was originally represented by counsel, who filed omnibus motions on behalf of Sandford in accordance with the scheduling deadline imposed by the Court. (Docket ## 14, 28). Sandford's subsequent request to proceed *pro se* was granted on November 9, 2015, and Sandford filed several motions on his own behalf. (Docket ## 63, 67, 70, 76, 84, 92). Although the government maintained that some of Sandford's subsequent motions were untimely, the Court rendered decisions and issued a report and recommendation addressing each of these motions. (Docket ## 44, 78, 89, 94, 96, 97). During proceedings before the Court on January 28, 2016, the Court advised Sandford that it would not entertain any additional pretrial motions that previously could have been brought unless Sandford expressly sought leave from the Court to file the motion out of time and provided a reason for failing to bring the motion in a timely manner.

---

[1] The grand jury issued a superseding indictment on March 15, 2016. (Docket # 105).

Despite this Court's expressed view that it would not entertain any additional pretrial motions that previously could have been filed unless accompanied by a motion seeking leave to file the untimely motion, Sandford's pending motion to dismiss does not seek leave to file the motion out of time, nor does it provide any explanation for his failure to file the motion in a timely manner. The motion seeks dismissal of Count 6 of the indictment on the grounds of insufficiency, and there is nothing in the motion to suggest that it could not have been filed along with Sandford's previous motions. Accordingly, I recommend that the district court deny Sandford's motion to dismiss as untimely filed.

In any event, Sandford's reliance upon *Watson v. United States*, 552 U.S. 74 (2007), is misplaced. Count 6 charges Sanford with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Docket # 9). In *Watson*, the Supreme Court held that a person does not "use" a firearm within the meaning of 924(c) when he receives the firearm in trade for narcotics. *Watson v. United States*, 552 U.S. at 83. Sandford maintains that because the basis of the 924(c) charge involves allegations that he traded narcotics in exchange for a firearm, the charge should be dismissed under *Watson*. However, the indictment does not charge Sandford with "use" of a firearm, rather it charges him with possession of a firearm "in furtherance" of a drug trafficking crime. (Docket # 9). Indeed, as recognized by Sandford, in *Watson* the Supreme Court did not address the possession "in furtherance" prong of 924(c). The Second Circuit, however, has addressed that prong, holding that "when a defendant acquires a firearm using drugs as payment, he possesses that firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)." *United States v. Gardner*, 602 F.3d 97, 103 (2d Cir.), *cert. denied*, 560 U.S. 949 (2010). Accordingly, Sandford's motion to dismiss Count 6, even if timely filed, appears meritless.

2

**IT IS SO ORDERED.**

*Marian W Payson*
_____
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
     April  8 , 2016

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.[2]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

*[signature]*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
April 8, 2016

---

[2] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).