UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

              Plaintiff,

      v.

JAMES EDWARD SANDFORD,

             Defendant.

_____

**REPORT & RECOMMENDATION**

15-CR-6101L

On March 22, 2016, defendant James Edward Sandford ("Sandford"), at the time proceeding *pro se*, filed a motion requesting a hearing.[1]  (Docket # 109).  In his motion, Sandford argues that he is entitled to a hearing in order to demonstrate through expert evidence that the substances that he has been charged with possessing are not chemically similar to a scheduled controlled substance.  (*Id.*).  Sandford does not appear to seek any relief other than a hearing, although he presumably would argue that he is entitled to dismissal of the indictment in the event he is able to demonstrate that the substances were not chemically similar to a controlled substance.

Sandford was originally represented by counsel, who filed omnibus motions on his behalf in accordance with the scheduling deadline imposed by the Court.  (Docket ## 14, 28). Sandford's subsequent request to proceed *pro se* was granted on November 9, 2015, and Sanford filed several motions.  (Docket ## 63, 67, 70, 76, 84, 92).  Although the government maintained that some of Sandford's subsequent motions were untimely, the Court rendered decisions and

_____

[1]  During proceedings before this Court on May 31, 2016, Sandford sought leave to withdraw his pending motions.  (Docket ## 131, 132).  I granted that request, although the record does not indicate whether Sandford also intended to withdraw this motion seeking a hearing.

issued a report and recommendation addressing each of these motions.  (Docket ## 44, 78, 89, 94, 96, 97).  During proceedings before the Court on January 28, 2016, the Court advised Sandford that it would not entertain any additional pretrial motions that previously could have been brought unless Sandford expressly sought leave from the Court to file the motion out of time and provided a reason for failing to bring the motion in a timely manner.

Despite this Court's admonition that it would not entertain any additional pretrial motions that previously could have been filed unless accompanied by a motion seeking leave to file the untimely motion, Sandford's pending motion does not seek leave to file the motion out of time, nor does it provide any explanation for his failure to file the motion in a timely manner. There is nothing in the motion to suggest that it could not have been filed along with Sandford's previous motions.  Accordingly, I recommend that the district court deny Sandford's motion for a hearing as untimely filed.

In any event, Sandford's motion seeks a hearing, presumably to demonstrate his entitlement to dismissal of the indictment.  Yet, the issue whether the identified substances are chemically similar to a controlled substance must be determined by the finder of fact.  *See United States v. Johnson*, 2014 WL 7330935, *4-5 (D. Nev.) (declining to conduct an evidentiary hearing on defendant's motion to dismiss; "[w]hether a substance's chemical structure is sufficiently similar to the chemical structure of a controlled substance to be considered an analog is a question of fact to be decided by a jury[;] . . . a district court errs procedurally when it takes up a sufficiency of the evidence challenge prior to trial because the government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29") (quoting *United States v. Long*, 2014 WL 1661497, *2 (D.S.D. 2014)), *report and recommendation adopted*,

2014 WL 7330936 (D. Nev. 2014); *United States v. Makkar*, 2014 WL 1385298, *7 (N.D. Okla. 2014) ("[t]he [c]ourt finds that defendants' arguments concerning the chemical similarity of XLR11 and JWH-018 cannot be conclusively resolved on a pretrial motion to dismiss, because the [c]ourt would be required to determine whether XLR11 is an analogue of JWH-018 and whether defendants actually knew they were distributing a controlled substance analogue[;] [t]hese are factual issues that are within the province of the jury"); *United States v Carlson*, 2013 WL 5125434, *28 (D. Minn. 2013) ("[t]o the extent that [the defendant] argues that he had no actual subjective notice that the alleged substances are controlled substance analogues because their chemical structure is not substantially similar to the chemical structure of a controlled substance, such an argument is a direct challenge to the sufficiency of the evidence that the [g]overnment will have to marshal and show at trial; he may make such a challenge to the sufficiency of the evidence after the [g]overnment has been provided an opportunity to present its evidence regarding the substantial similarity of the alleged controlled substances and their alleged analogues") (collecting cases), *aff'd*, 810 F.3d 544 (8th Cir. 2016).  Accordingly, a hearing is not appropriate at this pretrial stage.  To the extent that Sanford's motion may be interpreted as a challenge to the charges on the grounds that the substances identified in the indictment are not chemically similar to a scheduled controlled substance, that challenge must await trial.

*s/Marian W. Payson*  
MARIAN W. PAYSON  
United States Magistrate Judge

Dated: Rochester, New York  
      June 20, 2016

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

 **ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

 **ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.[2]

 The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See*, *e.g.*, *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

 **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

 The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.**

 Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
   June 20, 2016

---

[2]  Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation.  Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).