UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



---

UNITED STATES OF AMERICA,

                Plaintiff,

    -vs-

                                         **DECISION & ORDER**

                                         15-CR-6101

JAMES EDWARD SANDFORD,

                Defendant.

---

Defendant James Edward Sandford, III ("Sandford") is charged in an Indictment with various narcotics offenses involving Schedule I controlled substances and Schedule I controlled substance analogues. In addition to the narcotics counts, there are two counts charging firearms violations.

This Court referred all pretrial matters and motions to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b). Sandford filed several motions, some of them *pro se*, and others by his appointed counsel, Matthew Nafus, Esq.

After conducting hearings and receiving submissions, Magistrate Judge Payson has issued two documents that are before this Court on review. The first is a Decision/Report and Recommendation (Dkt. #96) (hereinafter "2/29/16 R&R"). Sandford's counsel duly filed an Objection to the 2/29/16 R&R (Dkt. #128). The Government responded to the filed Objection (Dkt. #137).

Magistrate Judge Payson issued a second Report and Recommendation (Dkt. #136) concerning Sandford's *pro se* motion requesting a hearing to determine whether substances that are the subject of the Indictment are controlled substance analogues. Ultimately, Sandford seeks dismissal of those counts of the Indictment relating to such substances. Magistrate Judge Payson recommended denial of the motion as premature on the grounds that such a challenge relates to matters properly determined by the jury at trial on the Indictment. No objections have been filed as to this Report and Recommendation, and on July 8, 2016, the Court received a letter from Sandford's counsel stating that he would not be submitting any objections to the Report and Recommendation dated June 20, 2016.

Various motions were filed by Sandford *pro se* during that period of time when he appeared without counsel and there were also motions filed by counsel. Most were resolved in court proceedings. However, two motions remain and they were covered by Magistrate Judge Payson in the 2/29/16 R&R. Specifically, Sandford moved to dismiss the Indictment on several grounds. Magistrate Judge Payson discussed these motions in detail at pages 7-14 of the 2/29/16 R&R. The recommendation was that the District Court deny Sandford's motion to dismiss the Indictment.

The second outstanding motion is Sandford's motion to suppress physical evidence seized from his person and the vehicle which he was driving on March 24, 2015. Magistrate Judge Payson discussed the issues raised by the motion to suppress at pages 14-21 of the 2/29/16 R&R. The Magistrate Judge's conclusion and recommendation to this Court was that the warrantless searches of Sandford and the car he was driving were constitutional and that there was no basis to suppress the evidence seized.

**Motions to Dismiss Indictment**

Sandford sought dismissal of the Indictment on the grounds that the grand jury may not have been properly instructed concerning controlled substance analogues. Defense counsel also sought dismissal of some of the counts since one of the analogue substances was not classified as such until sometime during the time period charged in the Indictment.  In addition, Sandford, proceeding *pro se*, sought dismissal on the ground that federal court lacked jurisdiction over some of the items charged and also because some of the counts were impermissibly vague.  Also, Sandford alleges that the prosecution was motivated by prosecutorial misconduct and vindictiveness.  Sandford also seeks dismissal on the grounds that the Speedy Trial Act was violated.

The Magistrate Judge thoroughly discussed all of the motions challenging the Indictment and recommended that this Court deny all of the motions to dismiss the Indictment.  I accept and adopt Magistrate Judge Payson's Report and Recommendation concerning the motions to dismiss the Indictment.  I see no reason to alter or modify the 2/29/16 R&R concerning the motions to dismiss the Indictment.

First of all, defendant failed to file any objection to this part of the 2/29/16 R&R dealing with the motion to dismiss the Indictment.  Absent specific objections, the Magistrate Judge's recommendation stands unchallenged and precludes later appeal of the District Court's order. See *Thomas v. Arn*, 474 U.S. 140 (1985).

In any event, I have reviewed the Magistrate Judge's determination concerning the several arguments made in support of the motion to dismiss the Indictment and I find that the Magistrate Judge's legal analysis is sound and well supported, and I concur with the

recommendations made in the R&R.  Therefore, the motions to dismiss the Indictment are in all respects denied.


**Motion to Suppress Evidence**

Sandford was arrested on March 24, 2015 and tangible evidence was seized by the police from Sandford and his vehicle.  The Magistrate Judge, after conducting a suppression hearing at which several witnesses testified, and after receiving submissions from the parties, recommended in the 2/29/16 R&R that this Court deny the motion to suppress.  An objection (Dkt. #128) to this portion of the Magistrate Judge's Report & Recommendation was filed by counsel.

In the report, Magistrate Judge Payson found that there was probable cause to arrest the defendant for aggravated unlicensed operation of a motor vehicle.  When the police came on the scene at the Byrne Dairy convenience store on Route 15A in Penn Yan, New York, the vehicle in question was stopped at the gas pump.  The objection is precise: the defendant claims that because the officer involved (Thomas Dunham of the Penn Yan Police Department) never actually saw Sandford drive the vehicle on a public highway, probable cause to arrest is lacking.  Driving on a public highway is an element of aggravated unlicensed operation under New York Vehicle & Traffic Law § 511.  Sandford claims that the absence of that observation makes the arrest of Sandford defective.

Magistrate Judge Payson, after carefully considering all of the evidence, determined that there was probable cause to arrest for aggravated unlicensed operation of a motor vehicle and I agree with that conclusion.

In response to the defense's Objection, the Government filed a detailed Response (Dkt. #137) discussing the facts of the case and relevant case law concerning probable cause to arrest. I

believe the Government's analysis of the issue is on point and supports Magistrate Judge Payson's recommendation.  As determined by Magistrate Judge Payson, the arresting officer, who was well-aware that Sandford had been arrested numerous times prior to March, 2015 for unlicensed operation of a motor vehicle, observed Sandford in the driver's seat of the vehicle at a gas pump at the Byrne Dairy, and then watched the defendant drive from the pump into the rear parking lot of the store.  It is conceded that Officer Dunham did not see Sandford operating on a public highway, but the issue here is one of probable cause.  The standard is not certainty and not proof beyond a reasonable doubt, but probable cause.

Under the Fourth Amendment, based on the totality of all the circumstances, relying on both direct and circumstantial evidence, the test is whether there is a probability of criminal activity.  The test is whether a reasonable officer, based on the known facts, has sufficient evidence to warrant belief that a crime has been committed.

"Probable cause exists if a law enforcement official, on the basis of the totality of the circumstances, has sufficient knowledge or reasonably trustworthy information to justify a person of reasonable caution in believing that an offense has been or is being committed by the person to be arrested." *United States v. Gagnon*, 373 F.3d 230, 236 (2d Cir. 2004).  "[T]he probable-cause standard is a practical, nontechnical conception that deals with the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.  Because the standard is fluid and contextual, a court must examine the totality of the circumstances of a given arrest." *United States v. Delossantos*, 536 F.3d 155, 159 (2d Cir. 2008) (citations and internal quotation marks omitted).

While an arrest may not be grounded solely on a "hunch," *United States v. Patrick*, 899 F.2d 169, 174 (2d Cir. 1990), "a probable cause determination does not require proof beyond a

reasonable doubt; it is the mere probability of criminal activity, based on the totality of the circumstances, that satisfies the Fourth Amendment." *Donovan v. Briggs*, 250 F.Supp.2d 242, 251 (W.D.N.Y. 2003) (quoting *Hahn v. County of Otsego*, 820 F.Supp. 54, 55 (N.D.N.Y. 1993)). As such, "the standard for establishing probable cause is not a particularly stringent one. It does not require proof of a suspect's guilt beyond a reasonable doubt. Instead, probable cause to arrest exists when the known facts are 'sufficient to warrant a person of reasonable caution in the *belief* that the person to be arrested has committed or is committing a crime.'" *Donovan*, 250 F.Supp.2d at 253 (quoting *Jocks v. Tavernier*, 316 F.3d 128 at 135 (2d Cir. 2003). *See also Loria v. Gorman*, 306 F.3d 1271, 1288-89 (2d Cir. 2002) ("probable cause is an assessment of probabilities, not an ascertainment of truths").

The Government cites a list of cases in its Response (Dkt. #137, pp. 5-6) where state and federal courts have found sufficient circumstantial evidence to support a finding that a defendant had operated a motor vehicle on a public highway. Those cases support the arrest here.

Sandford was observed sitting in the driver's seat of the vehicle at a gas pump and then observed driving to the rear parking lot of the store. The store and gas pump were on a public highway and it was not unreasonable for the officer to conclude that the vehicle got to its location at the gas pump by being driving there on a public highway. The vehicle did not drop out of the sky.

The fact that other individuals may have been in the car does not lessen the probability that it was Sandford who drove the vehicle on the public highway to the Byrne Dairy gas pumps, since it was he who was observed sitting in the vehicle and driving it to the back of the store prior to the officer's approach and subsequent arrest of the defendant.

The Government and the Magistrate Judge cited ample authority that the Fourth Amendment requires that an officer making a traffic stop have probable cause or reasonable suspicion that the person stopped had committed a traffic violation. Again, the test is not certainty or proof beyond a reasonable doubt, but whether there was probable cause to believe that an offense had occurred.

The Magistrate Judge concluded that since there was probable cause to arrest, Sandford was properly searched incident to that arrest. *Chimel v. California*, 395 U.S. 752, 762-63 (1969).

Magistrate Judge Payson also determined that once the defendant was arrested, the officers had authority to impound the vehicle and that the search connected to the impound procedures was proper and evidence obtained pursuant to that search may be presented as evidence. Inventory searches are a well-established exception to the Fourth Amendment's warrant requirements. Magistrate Judge Payson discussed this issue at some length in the Report and Recommendation.

Although defendant objected to the Report and Recommendation's determination of probable cause, no specific objection was raised as to the Magistrate Judge's determination that the inventory search was valid and appropriate. The Local Rules of Criminal Procedure for the Western District of New York, Rule 59(c)(2), provide that written objections must specifically identify the matters objected to in the Report and Recommendation.

### Report and Recommendation (Dkt. #136) filed June 20, 2016

As mentioned, the Magistrate Judge issued a Report and Recommendation (Dkt. #136) recommending that the District Court deny Sandford's *pro se* motion for a hearing to determine the chemical similarity to a controlled substance. The Magistrate Judge determined that whether

the substance's chemical structure is such that it constitutes an analogue is a question of fact to be decided by the jury. That issue then is properly left for trial and the Court may consider the issue should there be an appropriate motion filed during the criminal trial.

I see no reason to alter, modify or reject Judge Payson's Report and Recommendation on this issue. The Magistrate Judge's legal analysis is sound and proper. Furthermore, defendant's counsel sent a letter to the Court stating that he would not be submitting any objections to the Report and Recommendation dated June 20, 2016.

## CONCLUSION

I accept and adopt the Report and Recommendation (Dkt. #96) of United States Magistrate Judge Marian W. Payson. Based on that Report and Recommendation, and my acceptance of it, defendant's motions to dismiss the Indictment are denied; defendant's motion to suppress physical evidence seized at the time of his arrest on March 24, 2015 is denied in all respects.

I accept and adopt the Report and Recommendation (Dkt. #136) of United States Magistrate Judge Marian W. Payson. Defendant's motion for a hearing relating to the nature of the charged analogue substances is in all respects denied.

Defendant's motion to suppress evidence seized from the Penn Yan storage facility is also denied.

IT IS SO ORDERED.

Dated:      July  18 , 2016
            Rochester, New York

_____
HON. DAVID G. LARIMER
United States District Judge