UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                      Plaintiff,

              v.

JAMES EDWARD SANDFORD, III,

                                      Defendant.
_____

<u>DECISION AND ORDER</u>

15-CR-6101L

       Defendant James Edward Sandford, III ("Sandford") was convicted after trial of two firearms offenses, Counts Twelve and Thirteen, and a charge of witness tampering, Count Fourteen. Sandford appeared for sentencing on January 22, 2018. The fifty-seven-page transcript of that proceeding is filed at Docket #284. After extensive proceedings on various objections, the Court concluded that under the United States Sentencing Guidelines ("Guidelines"), based on a criminal history category of VI, Sandford's Guideline sentencing range was 70-87 months. The Court determined that an upward departure was warranted, and discussed at length (Dkt. #284, at 39-49) the reasons for that determination. The Court imposed a sentence of 156 months on Count 14 and 120 months each on Counts 12 and 13, all to run concurrently, for an aggregate sentence of 156 months.

       Sandford appealed that judgment and sentence. In a Summary Order issued May 29, 2020, the Court of Appeals affirmed the judgment of this Court, but issued a limited remand on one matter relating to sentencing. *See* Dkt. #336.

       The remand was occasioned because the Court of Appeals concluded that Probation and this Court erred in calculating Sandford's criminal history score relating to a misdemeanor

conviction of aggravated unlicensed operation of a motor vehicle which occurred in May 2010 in Southeast (N.Y.) Town Court, *see* Revised Presentence Report (Dkt. #338) ¶ 128.

The Court of Appeals ruled that the Probation Department and this Court erred in giving Sandford two criminal history points for that offense rather than one. The result was that this Court believed Sandford's criminal history point total was 18, when the actual score should have been 16. In all other respects, the Second Circuit affirmed this Court's judgment and the sentence.

As mentioned, the Probation Department issued a Revised Presentence Report on June 23, 2020, and this Court issued an Order (Dkt. #335) directing the Government and defense counsel to express their views as to the nature of the remand. The Government responded by letter dated July 7, 2020 (Dkt. #342) and opined that the remand was limited; defense counsel filed his memorandum urging a full resentencing (Dkt. #339). The defendant also filed his own ten-page *pro se* response to the Court's Order (Dkt. #340).[1] Defense counsel also filed several supplemental letters requesting that the defendant be returned to the district and other matters relating to the Revised Presentence Report (Dkt. ##341, 343).

After carefully reviewing the Second Circuit's Summary Order, and the responses of the parties, it is clear that the Circuit's remand is a very limited one. The Court of Appeals affirmed the conviction and rejected all of defendant's arguments. It determined that the criminal history category was determined to be higher than it should have been and it was only as to that that the remand was ordered.

---

[1] In his *pro se* Response, Sandford stated that the Revised Presentence Report was mailed to him at the facility but he was not allowed to receive and retain it. The Probation Office has advised the Court that the full Presentence Report was sent to Sandford's case manager at FCC Hazelton and that Sandford had a full opportunity to review the PSR. It was reported that Sandford declined to do so. In light of the limited remand and the fact that this is not a *de novo* resentencing, matters concerning review of the Revised Presentence Report are of little moment.

The decretal paragraph in the Second Circuit's Decision could not have been any clearer. I set forth the relevant language concerning remand in full here:

> REMAND to the district court with instructions to resentence Sandford if, applying the correct criminal history score, it concludes that a different sentence is appropriate.

The remand is clear. This Court was directed to resentence Sandford if, but only if, it determines that a different sentence would be appropriate in light of the changed criminal history category score. The Government agrees with this analysis, but both defense counsel and defendant himself essentially seek a do-over. Both counsel and the defendant essentially seek a *de novo* resentencing, but that clearly is not the nature of the remand directed by the Second Circuit.

The Second Circuit in its Summary Order rejected Sandford's arguments concerning evidentiary matters, the Court's jury instructions, and claims of ineffective assistance of counsel. Significantly, the Second Circuit also found "no error" in the District Court's decision to consider the underlying charges on which the jury deadlocked as part of its decision to depart upward. The Circuit also acknowledged that the harm to the community caused by Sandford's drug trafficking, the fact that he knew the synthetic marijuana was illegal and defendant's extensive criminal history were proper factors for an upward departure. In sum, the Second Circuit rejected all of Sandford's arguments concerning evidentiary issues at trial, his claims of ineffective assistance of counsel, and his claims that this Court erred in its decision to depart upward. Again, the only matter now before the Court is to respond to the Circuit's directive and determine whether, applying the correct criminal history score, this Court believes a different sentence is appropriate.

The short answer to the question presented by the Second Circuit's remand is that this Court's sentence would not have been changed one iota had the Court determined that

Sandford's criminal history points totaled 16 rather than 18.  In coming to that conclusion, I have reviewed the Revised Presentence Report, as well as the lengthy transcript of the sentencing proceedings on January 22, 2018 (Dkt. #284).  The Court set forth on the record several reasons why the Court believed an upward departure was warranted from the Guideline range of 70-87 months.

Sandford had several prior felonies and his numerous convictions placed him in the highest criminal history category:  VI.  As the Second Circuit pointed out in its Decision, the modest change of criminal history points from 18 to 16 still placed Sandford squarely in that category.  The Guidelines provide that a total of 13 or more points results in a criminal history score of VI.  So, Sandford remains at the highest criminal history category, VI and, therefore, the changed criminal history points are not significant.

The eight-year-old traffic misdemeanor in the Southeast Town Court was never mentioned at all by this Court in setting forth the list of its reasons for departure.  In fact, that conviction had no effect whatsoever on the Court's ultimate sentence.  In fact, that misdemeanor traffic offense was insignificant in terms of the Court's sentencing decision.  The fact remains that Sandford was in the highest criminal history category, regardless of how many points are attributable to that relatively minor conviction.

A review of the Court's comments at sentencing demonstrates what *were* the principal bases for the departure:  Sandford's dreadful conduct in connection with his drug distribution activities, often involving minors.  I incorporate by reference here all the comments that this Court made at sentencing (Dkt. #284) as to why the Court believed, and continues to believe, that a departure was warranted.

The Court chose to depart seven levels to offense level 27. That level, with the criminal history category of VI, established a Guideline range of 130-162 months. On Count 14, the Court imposed a 156-month sentence, which was within the new Guideline range. The Court imposed 120 months, the maximum, on the two firearms offenses.

Therefore, in response to the Second Circuit's remand directive, I state unequivocally that the modest reduction in criminal history points from 18 to 16, which still placed Sandford squarely in the highest criminal history category, VI, would not have changed this Court's sentence in any way. Understanding what the correct criminal history score now is, I explicitly find and rule that there is no basis to impose a different sentence, and therefore no need to conduct a resentencing proceeding. In sum, all of the reasons that the Court set forth for departure when I imposed the original sentence remain as convincing today as they were when the Court originally imposed sentence on January 22, 2018, regardless of whether Sandford had 16 criminal history points rather than 18.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       August 10, 2020.