UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

         Plaintiff,

  v.

JAMES EDWARD SANDFORD, III,

         Defendant.
_____

DECISION AND ORDER

15-CR-6101L

  Defendant James Edward Sandford, III has filed a motion (Dkt. #372) styled as a motion for retroactive application of the Sentencing Guidelines. It is clear though that the defendant seeks compassionate release and a reduction of his 156-month sentence pursuant to 18 U.S.C. § 3582(c)(1). Defendant supplemented that motion and also seeks appointment of counsel (Dkt. #378). The Government filed a detailed Response to the motion (Dkt. #379) opposing it and defendant has filed a Reply (Dkt. #380).

  Defendant was convicted after trial of firearms offenses and witness tampering. The Court imposed an above-Guidelines sentence of 156 months imprisonment which the defendant is now serving. According to the Government, the defendant's projected release date is now in May 2026.

  Defendant prosecuted two appeals to the Second Circuit relating to the judgment and this Court's sentence. As the Government notes in its Response, those appeals were unsuccessful and the Second Circuit affirmed this Court's decisions. *See* 841 Fed. App'x 649 (2020); 859 Fed. App'x 602 (2021).

Generally, a sentence once imposed is fixed and may not be altered or reduced. Section 3582(c)(1) provides limited circumstances under which a sentence may be reduced in the court's discretion.

The Sentencing Guidelines at § 1B1.13 set forth several circumstances which might warrant requested relief and reduction of a sentence. Most deal with extraordinary medical conditions suffered by an inmate. A basic requirement is that an inmate must first petition the Bureau of Prisons for relief before turning to the courts. It appears that defendant has complied with that condition and the Government does not dispute the matter.

Defendant must then demonstrate "extraordinary and compelling reasons" that justify a sentence reduction. The burden is on the defendant to demonstrate entitlement to relief. Furthermore, the Court must consider all the sentencing factors listed at 18 U.S.C. § 3553(a) and the Sentencing Guidelines in determining whether a reduction is warranted.

Defendant has filed a lengthy and thoughtful motion for relief. It does not however convince me that extraordinary and compelling reasons exist for a sentence reduction.

In his filings, defendant concedes that this Court's original sentence of 156 months was a "just and appropriate sentence." (Dkt. #372, p.12; Dkt. #380, p.1). Defendant claims though that the sentence is no longer appropriate. Defendant laborers at length to demonstrate that he is a different person than he was when convicted and sentenced. He notes many courses and programs he has successfully completed and claims, in essence, that he is rehabilitated.

It does appear that the defendant has taken significant steps towards rehabilitation and I applaud that. Rehabilitation is not, however, a basis for reducing a legally-imposed sentence. What must be demonstrated is something exceptional. The statute speaks of "extraordinary and compelling reasons." Defendant lists several reasons which he believes are extraordinary and compelling. The principle one appears to be his desire to be in a position to better monitor and

control his teenage son who is apparently on probation and is behaving badly in many respects. The defendant claims that he is singularly capable of counselling his son. Defendant apparently has frequent occasions to speak to his son while incarcerated.

Families of incarcerated individuals often face significant consequences based on a defendant's conviction and sentence. This is not unusual; it is universally recognized. It is noteworthy that apparently the defendant's son is on probation and monitored by a probation officer and other individuals.

Whether the defendant who is convicted of very serious crimes, including distributing dangerous drugs to minors, is truly in the best position to monitor and supervise his son is at least debateable. More to the point, this endeavour does not constitute an extraordinary reason to reduce defendant's sentence.

Defendant also lists concern over his father's health, his concern the COVID pandemic presents in jail facilities and to some extent his own health, including lack of dental care. The defendant admits that other family members are tending to his father.

Regarding defendant's own health concerns, it appears that he is otherwise healthy and is classified at the lowest medical care level: medical care level I. He has none of the serious medical conditions that make one especially at risk of being infected with the COVID virus.

The Government also notes that this defendant has refused to take, on three occasions, a vaccine to prevent or minimize illness from COVID. The Government also notes that the situation at FCI Raybrook is relatively benign with virtually no inmates or staff members presently ill with the COVID virus. In sum, I do not believe that the reasons advanced by defendant, whether considered separately or together, amount to an extraordinary and compelling reason to reduce the original sentence imposed by this Court.

The Court must also consider the sentencing factors under Section 3553(a). Defendant claims that none of them apply in his case to defeat his application, but this Court made an extensive and lengthy finding when I first imposed sentence as to the reasons to justify an above-Guidelines sentence. Defendant presented as a serious danger to the community which warranted a lengthy sentence. Such a sentence was a deterrent not only to defendant but to others who might be inclined to engage in similar drug, firearms or witness-tampering conduct. It certainly sounds like defendant has a better perspective on his life and is remorseful for past illegal, dangerous and destructive activity. That is often what one experiences during a lengthy prison stay. The statute however requires more than what has been shown here. I find that the defendant James Sandford has failed to establish extraordinary and compelling reasons to reduce his sentence.

## CONCLUSION

Defendant James Sandford's motion (Dkt. #372) for compassionate release is DENIED. Defendant's motion for appointment of counsel (Dkt. #378) is also DENIED.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 18, 2022.